[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15555
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20151-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUY DERILUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 15, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Guy Derilus appeals his 180-month sentence, imposed after he pleaded

guilty to conspiracy to possess with intent to distribute 5 kilograms or more of

cocaine, in violation of 21 U.S.C. §§ 841(a) and 846.  On appeal, Derilus argues that the district court erred when it applied a two-level enhancement for Derilus's leadership role in the conspiracy under U.S.S.G. § 3B1.1(c).  He contends the government failed to prove the disputed facts by a preponderance of the evidence that he was an organizer, leader, manager or supervisor sufficient to impose the enhancement.  He also argues the court erred when it applied the two-level enhancement for direct involvement in the importation of a controlled substance under U.S.S.G. § 2D1.1(b)(15)(C), which is triggered if a defendant receives an enhancement under § 3B1.1.

Derilus was arrested after Homeland Security Investigations agents pulled him over driving a car containing 288 kilograms of cocaine.  The agents observed Derilus and other co-defendants transporting boxes from the Motor Vessel *Wave Trader* to Derilus's car.  The Homeland Security Agents along with United States Immigration and Customs Enforcement agents had been monitoring Derilus and the *Wave Trader* for two months prior to Derilus's arrest.  The *Wave Trader* arrived at port in Miami having traveled from Haiti.

We review the district court's factual finding of a defendant's role in an offense for clear error.  *United States v. Moran*, 778 F.3d 942, 979 (11th Cir. 2015).  For a factual finding to be clearly erroneous, we must be "left with a definite and firm conviction that a mistake has been committed." *Id*.  Once a

defendant disputes a fact supporting the existence of an aggravating role, the government "bears the burden of proving that disputed fact by a preponderance of the evidence." *United States v. Martinez,* 584 F.3d 1022, 1027 (11th Cir. 2009). When evidence presented is witness testimony, the credibility of the witness is in the province of the court as the factfinder, and we restrain from reviewing the factfinder's determination of credibility unless the evidence is "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotations omitted).

U.S.S.G. § 3B1.1(c) provides that a defendant's offense level is increased by two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving less than five participants and was not "otherwise extensive" within the meaning of § 3B1.1(a) and (b). Evidence showing that the defendant exerted influence or control over even one other individual will be sufficient to support an enhancement under § 3B1.1(c). *United States v. Lozano*, 490 F.3d 1317, 1323 (11th Cir. 2007). If a defendant receives an adjustment under § 3B1.1 and the defendant was "directly involved in the importation of a controlled substance," an additional two levels are added. U.S.S.G. § 2D1.1(b)(15)(C).

Upon review of the record and consideration of the parties' briefs, we affirm. The district court did not clearly err in applying an enhancement pursuant

3

to § 3B1.1.  The government produced a witness, the U.S. Customs and

Immigration Enforcement lead agent assigned to this case, to testify at the

sentencing hearing and the testimony was sufficient to support the enhancement.

The credibility of the witness is left to the discretion of the district court.  *Ramirez-*

*Chilel*, 289 F.3d at 749.  The agent testified that Derilus met with members of the

drug conspiracy in both Haiti and the United States, that he was the one that told

crewmembers where the cocaine was stored on the ship, and that he met with the

owners of the ship used to smuggle the cocaine.  Because there was sufficient

evidence to support a role enhancement under § 3B1.1, the enhancement under

§ 2D1.1(b)(15)(C) was also not clear error.  Accordingly, Derilus' sentence is

affirmed.

   **AFFIRMED.**